IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MARIO RAMIREZ, ) | |
| ) | |
| Plaintiff , ) | |
| ) | |
| v. ) | Case No. 7:11-cv-02789-WMA-PWG |
| ) | |
| OFFICER JASON JAMES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the undersigned is the Motion to Dismiss (Doc. # 41) filed on September 18, 2013, by defendant, Officer Jason James ("Defendant" or "James"). Plaintiff, Mario Ramirez ("Ramirez"), is an Alabama State inmate who initiated this lawsuit *pro se*, alleging excessive force against James under 28 U.S.C. § 1983. (Doc. # 1). After the court adopted the previously-assigned magistrate judge's report and recommendation denying James's Motion for Summary Judgment (Doc. # 21), court-appointed counsel appeared for Ramirez and moved for leave to amend the *pro se* complaint (Doc. # 34). That motion was granted, and Ramirez filed an amended complaint on August 28, 2013. (Doc. # 40). After James moved to dismiss, Ramirez responded in opposition on September 25, 2013. (Doc. # 42). For the reasons that follow, the Motion to Dismiss is due to be denied.

James moves for dismissal with prejudice as a sanction for what he contends are false statements contained in the original complaint. In support, James relies on discrepancies between the factual details provided in the original complaint and those in the amended complaint. Specifically, James points to allegations in the original complaint that were omitted from the

1

amended complaint, including: (1) that James repeatedly hit Ramirez with either a billy club or his hands; (2) that James sprayed Ramirez with mace during the beating; (3) that Ramirez was taken to the infirmary and was covered with blood from a head wound; and (4) that Ramirez was picked up and "slammed down." (Doc. # 41 at 2-3). As James would have it, "[n]one of this is mentioned in Plaintiff's Amended Complaint." (*Id.* at 3). James also points to additional allegations that appear for the first time in the amended complaint, including that Ramirez was slammed to the ground "numerous times," while the original complaint alleged only one instance of being slammed to the ground. (*Id.* at 4). Labeling these discrepancies as gross exaggerations and distortions, and noting that Ramirez verified the original complaint, James moves for dismissal as a sanction. (*Id.*). Additionally, James contends that the amended complaint fails to state a claim for excessive force because: (1) the injuries about which Ramirez complains are *de minimis*; and (2) Ramirez cannot prove that James acted maliciously. (*Id.* at 5-8).

  As both parties acknowledge, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." *Lowery v. Ala. Power Co.,* 484 F.3d 1184, 1219 (11th Cir. 2007). Where a complaint is amended, the original complaint is "of no import." *Key v. Mott*, No. 12-0614, 2013 WL 1827253, at *1 n.3 (S.D. Ala. April 4, 2013). In order to state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) FED. R. CIV. P. To the extent that James relies upon discrepancies between the facts alleged in the original and amended complaints, his motion fails. It is unsurprising that a complaint drafted by two attorneys employed at a large law firm would differ from a complaint drafted by a *pro se* inmate for whom English may be a second language.[1]

---

[1] Ramirez's initial affidavit was written in Spanish.

2

Moreover, Ramirez's attorneys' decision to omit from the amended complaint facts included in the original complaint does not warrant any sanction, much less dismissal. An amended complaint which omits certain facts included in the original complaint does not constitute an admission that the omitted facts were lies; even if it such an admission, the undersigned is not convinced that the facts alleged in the amended complaint are inconsistent with those alleged in the original complaint. Both versions of the complaint allege that James maliciously attacked Ramirez, causing injuries. (Doc. # 1 at 3-4; Doc. # 40 at 2-4). Both versions allege that Ramirez was covered in blood as a result of a cut to the head. (Doc. #1 at 4; Doc. # 40 at 2). Both versions allege that Ramirez had to be taken to the infirmary, and that he was unable to make follow-up visits because he was placed in segregation. (Doc. # 1 at 4; Doc. # 40 at 3). The only substantive differences in the facts alleged in the two complaints are that: (1) the amended complaint omits the allegations that James sprayed Ramirez with mace and hit him with a billy club; and (2) the amended complaint alleges that James "slammed [Ramirez] on the ground numerous times," while the original complaint alleges just one instance of being slammed to the ground. (*Compare* Doc . # 1 at 3-4 *with* Doc. # 40 at 2-3). These variations do not warrant dismissal or any other sanction.[2]

Next, to the extent that James seeks dismissal for failure to state a claim, his motion is due to be denied. James contends that Ramirez has not satisfied the requirements applicable to excessive force claims. However, the amended complaint alleges that James maliciously beat Ramirez and that

---

[2] The cases cited by James in which courts dismissed complaints as a sanction for false statements are inapposite. *See Atwood v. Singletary*, 105 F.3d 610 (11th Cir. 1997) (dismissal warranted where serial filer plaintiff with history of abuse of judicial process lied on his affidavit in support of motion to proceed *in forma pauperis*); *Bratton v. Sec'y, DOC,* No. 10-517, 2012 WL 2913171 (M.D. Fla. July 16, 2012)(dismissal was appropriate sanction where prisoner abused judicial process by intentionally omitting existence of previous lawsuits from complaint form).

he suffered injuries, including a cut requiring stitches, as a result. (Doc. # 40 at 2-4). Accordingly, he has stated a claim for excessive force. *See Whitley v. Albers*, 475 U.S. 312, 320-22 (1986).

For all of the foregoing reasons, the Motion to Dismiss (Doc. # 41) is hereby DENIED in accordance with paragraph 5 of this District's General Order for Referral of Civil Matters to the United States Magistrate Judges and Rule 72, FED. R. CIV. P.

DONE this 30th day of December, 2013.

_____
PAUL W. GREENE
U.S. MAGISTRATE JUDGE